**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff<br><br>   v.<br><br>RUBEN GARCIA, New York State Department of Corrections and Community Supervision Corrections Officer, in his individual capacity,<br><br>        Defendant<br><br>And JOHN DOES 1-10,<br><br>        Defendants. | **CIVIL ACTION NO**.<br><br>**42 U.S.C. § 1983 COMPLAINT FOR DAMAGES UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS** |

      Plaintiff JANE DOE by and through her attorneys, the E. STEWART JONES HACKER MURPHY law firm, commences this action against defendant RUBEN GARCIA, a former corrections officer with the New York State Department of Corrections and Community Supervision, and JOHN DOES 1-10, other unknown corrections officers and supervisors with the New York State Department of Corrections and Community Supervision at Bedford Hills Correctional Facility.

**PRELIMINARY STATEMENT**

    1.     This is an action for money damages brought pursuant to 42 U.S.C. **§§** 1983 and

1988 and the Eighth and Fourteenth Amendments to the United States Constitution. The claims arise from incidents that occurred approximately between the week of November 10, 2014 through February 3, 2015 in which defendants, among other things, inflicted cruel and unusual punishment and conscious-shocking action against Plaintiff in violation of her rights under the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff seeks compensatory and punitive damages, an award of costs and attorneys' fees and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforementioned statutes and 28 USC §§ 1331 and 1343.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Jane Doe is a resident of the State of New York, County of Schenectady.

5. At all relevant times, Plaintiff Jane Doe was an inmate at the Bedford Hills Correctional Facility, 247 Harris Road, Bedford Hills, New York 10507, a correctional facility for women operated by the New York State Department of Corrections and Community Supervision.

6. Upon information and belief, defendant Ruben Garcia is a resident of the State of New York, County of Yonkers.

7. At all relevant times, defendant Ruben Garcia (C.O. Garcia) was a duly appointed and acting corrections officer of the New York State Department of Corrections and Community

Supervision, acting under color of the statutes, ordinances, regulations, policies, customs and usages, of the State of New York.  The defendant is sued in his individual capacity.

8.	At all relevant times, John Does 1-10 were supervisors of C.O. Garcia and were officers of the New York State Department of Corrections and Community Supervision (DOCCS), acting under color of the statutes, ordinances, regulations, policies, customs and usages, of the State of New York.  John Does 1-10 are sued in their individual capacity

## FACTS

9.	On approximately ten (10) occasions, starting the week of November 10, 2014 through the end of January, 2015, and on February 2, 2015 through February 3, 2015, C.O. Garcia used his position to pressure, compel, and coerce Plaintiff to engage in genital sexual intercourse and sexual conduct.

10.	Upon information and belief, C.O. Garcia had similarly raped at least one other inmate on prior occasions.

11.	Upon information and belief, John Does 1-10 had knowledge of C.O. Garcia's conduct with such other inmates.

12.	Upon information and belief, John Does 1-10 were informed of C.O. Garcia's conduct by other inmates.

13.	Upon information and belief, John Does 1-10 learned of C.O. Garcia's conduct through investigation conducted by John Does 1-10 and subordinate corrections officers.

14.	Upon information and belief, with knowledge of C.O. Garcia's pattern, practice and habit of raping female inmates within the custody and control of DOCCS, John Does 1-10 recklessly and with gross negligence permitted C.O. Garcia to remain in a position of power and

authority and control over female inmates, including Plaintiff.

15. Upon information and belief, C.O. Garcia's conduct with Plaintiff constituted sexual abuse and rape in violation of New York Penal Law section 195.00 subdivision 2, New York Penal Law section 130.40, and the Prison Rape Elimination Act of 2003, 42 U.S.C. § 15609.

16. The February 2, 2015 rape and sexual abuse occurred at the storehouse down a road from and outside the prison gate enclosing the prison grounds.

17. The February 3, 2015 rapes and sexual abuse also occurred at the storehouse as well as the Corrections Officer changing area at the Friends, Relatives, Programs (FRP) trailer. The trailer is located outside the prison building and near the commissary.

18. All other rapes and sexual abuse occurred at various locations at Bedford CF.

19. On or about February 3, 2015, Plaintiff reported the rapes and sexual assaults to DOCCS.

20. An investigation was commenced, and C.O. Garcia was arrested and charged with felonies, including Rape, in relation to his conduct with multiple inmates, including Plaintiff.

21. Upon information and belief, on March 8, 2016, C.O. Garcia was convicted of a single count of Rape in the Third Degree, in full satisfaction of all counts alleged and all such conduct committed by him and uncovered during the investigation of his conduct.

22. Although C.O. Garcia was not convicted formally of the rape of Plaintiff, she was an acknowledged victim of him, and she was offered an opportunity by representatives of the Westchester County District Attorney's Office to submit a victim impact statement regarding the impact she suffered as a result of the actions of C.O. Garcia, to be read at his sentencing.

23. On March 8, 2016, New York State Supreme Court, County of Westchester, entered an order of protection directing C.O. Garcia to stay away from Plaintiff.

24. As a direct and proximate result of the actions of C.O. Garcia and John Does 1-10, Plaintiff suffered the following injuries and damages:

   a. Violation of her constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution to not be subjected to cruel and unusual punishment and to be free from governmental abuse of power which shocks the conscience;

   b. Past and future mental and emotional suffering, depression, anxiety, stress, trauma, fear of leaving her home, fear for her safety and well-being and embarrassment, pain and suffering including the loss of the enjoyment of life;

25. The actions of C.O. Garcia violated the clearly established and well settled Federal constitutional rights of Plaintiff, including freedom from cruel and unusual punishment and freedom from governmental abuse of power which shocks the conscience.

## COUNT ONE

### 42 U.S.C. §1983
### Violation of the Eighth Amendment
### to be free from Cruel and Unusual Punishment

26. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 17 above.

27. At various times during Plaintiff's incarceration at Bedford Hills CF, Defendant C.O. Garcia, by the actions detailed above, (including but not limited to using his position to pressure, compel, and coerce Plaintiff to engage in genital sexual intercourse and sexual

conduct), inflicted cruel and unusual punishment against Plaintiff in violation of her rights under the Eighth and Fourteenth Amendments to the United States Constitution.

28. As a direct and proximate result of the infliction of cruel and unusual punishment, Plaintiff was damaged by Defendant.

29. These damages include loss of freedom and imprisonment and sustained the following additional damages and injuries: Plaintiff has and will continue to experience past and future mental and emotional suffering, depression, anxiety, stress, trauma, fear of leaving her home, fear for her safety and well-being and embarrassment. Her pain and suffering includes the loss of enjoyment of life.

## COUNT TWO

### 42 U.S.C. § 1983
### Violation of the Substantive Due Process Clause
### of the Fourteenth Amendment to be free from
### Governmental Abuse of Power which Shocks the Conscience

30. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 29 above.

31. At various times during Plaintiff's incarceration at Bedford Hills CF, Defendant C.O. Garcia, by the actions detailed above, (including but not limited to using his position to pressure, compel, and coerce Plaintiff to engage in genital sexual intercourse and sexual conduct), used conscious-shocking behavior against Plaintiff in violation of her rights under the Substantive Due Process Clause of the Fourteenth Amendment to the United States Constitution.

32. As a direct and proximate result of the use of conscious-shocking government conduct, Plaintiff was damaged by Defendant. These damages include loss of freedom and imprisonment and sustained the following additional damages and injuries: Plaintiff has and will

continue to experience past and future mental and emotional suffering, depression, anxiety, stress, trauma, fear of leaving her home, fear for her safety and well-being and embarrassment. Her pain and suffering includes the loss of enjoyment of life.

### COUNT THREE

### 42 U.S.C. §1983
### Failure to Intervene
### (Defendants John Does 1-10)

33. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 32 above.

34. Defendants John Does 1-10 had a duty to intervene to prevent the rape and sexual abuse of Plaintiff by C.O. Garcia.

35. Defendants John Does 1-10 had a reasonable opportunity to intervene to prevent the rape and sexual abuse of Plaintiff by C.O. Garcia.

36. Defendants John Does 1-10 failed to intervene.

37. As a direct and proximate result of the failure to intervene, Plaintiff was damaged by Defendant.

38. These damages include loss of freedom and imprisonment and sustained the following additional damages and injuries: Plaintiff has and will continue to experience past and future mental and emotional suffering, depression, anxiety, stress, trauma, fear of leaving her home, fear for her safety and well-being and embarrassment. Her pain and suffering includes the loss of enjoyment of life.

### COUNT FOUR
### 42 U.S.C. §1983

**Supervisory Liability**
**(Defendants John Does 1-10)**

39. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 36 above.

40. Defendants John Does 1-10 were the direct supervisors of C.O. Garcia.

41. Defendants John Does 1-10 were aware of the rape and sexual abuse by C.O. Garcia upon inmates under his custody and control at the correctional facility, including Plaintiff.

42. Defendants John Does 1-10 learned of said rapes and sexual abuse, had the opportunity to remove C.O. Garcia from the position of power and control which C.O. Garcia used to rape and sexual abuse inmates under his custody and control, but failed to take any action.

43. Defendants John Does 1-10 encouraged a culture and climate of sexual abuse of female inmates by tolerating the sexual abuse of inmates by corrections officers, including C.O. Garcia, and by failing to take investigatory or disciplinary action and by otherwise encouraging a climate in which abuse was permitted.

44. Defendants John Does 1-10 created a policy or custom under which sexual abuse of female inmates, including Plaintiff, occurred, by permitting known or suspected sexual abusing male corrections officers to remain in contact with female inmates, including by permitting them to escort female inmates alone and unaccompanied by other witnesses – whether other corrections officers or inmates – into places in and about the facility where surveillance cameras are nonexistent, and to remain with them in said places.

45. In so doing, defendants John Does 1-10 were also grossly negligent in supervising C.O. Garcia.

46. Further, defendants John Does 1-10 tolerated, encouraged and facilitated a culture and climate of abuse of inmates by taking no action to prevent the exchange of private written messages between female inmates and male corrections officers even after learning or suspecting that such messages were being exchanged, for the purpose of orchestrating and facilitating the sexual abuse of female inmates.

47. In the case of Plaintiff, John Does 1-10 tolerated, encouraged and facilitated a culture in which Plaintiff was required by C.O. Garcia to exchange written, sexual communications with him, including receiving instructions from C.O. Garcia as to how to dress and act in order to satisfy his particular sexual desires. C.O. Garcia was permitted, encouraged and facilitated in exchanging such written directives with other female inmates who he wanted to sexually abuse or was sexually abusing.

48. Defendants John Does 1-10 are liable as supervisors of C.O. Garcia and other corrections officers under their supervision for tolerating, encouraging and facilitating a climate and culture in which sexual abuse of female inmates by male corrections officers was permitted to occur and continue.

49. Defendants John Does 1-10 had a duty to detect, identify and prevent sexual abuse and in tolerating, encouraging and facilitating a climate and culture in which sexual abuse of female inmates by male corrections officers, including defendant C.O. Garcia, was permitted to occur and continue, defendants John Does 1-10 failed to fulfill that duty.

50. Defendants John Does 1-10 exhibited a deliberate indifference to the rights of inmates, including those of Plaintiff.

51. As a direct and proximate result of these failures, Plaintiff was damaged by

Defendant.

52. These damages include loss of freedom and imprisonment and sustained the following additional damages and injuries: Plaintiff has and will continue to experience past and future mental and emotional suffering, depression, anxiety, stress, trauma, fear of leaving her home, fear for her safety and well-being and embarrassment. Her pain and suffering includes the loss of enjoyment of life.

## REQUESTED RELIEF

53. Wherefore, Plaintiff requests that this Court:

   a. Award costs of this action to the Plaintiff;

   b. Award compensatory damages to Plaintiff against the Defendants;

   c. Award punitive damages against Defendants, as determined by the jury.

   d. Award reasonable attorney's fees and costs to the Plaintiff on all counts.

   e. Award such other and further relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

54. Plaintiff demands a jury trial on all causes of action.

Dated: November 1, 2017

By: /s/ John F. Harwick
JOHN F. HARWICK
Bar Roll No.: JFH5253
E. STEWART JONES HACKER MURPHY, LLP
28 Second Street
Troy, New York   12180
(518) 274-5820
(518) 274-5875 (facsimile)
E-Mail: diversen@joneshacker.com